[No. 13203.   In Bank. — July 31, 1890.]

## C. W. PENDLETON ET AL., RESPONDENTS, v. J. A. CLINE ET AL., APPELLANTS.

ACTION FOR SERVICES — ABSTRACT OF TITLE — IMPROPER COUNTERCLAIM — REMOTE DAMAGES — EVIDENCE. — In an action to recover for services in making an abstract of title, a counterclaim for damages for failure to make the abstract in time, alleging that had the abstract been made in the time agreed the defendants would have been able to borrow money on their property, and would have been able with such money to purchase other lands for which they had been negotiating, which latter land subsequently increased in value in a specified sum over and above what they could have purchased it for, which sum was alleged as damages, is defective both in form and substance, the damages being too remote to be recovered, and the court may properly exclude all evidence relating thereto.

ID. — QUANTUM MERUIT — ANSWER ALLEGING SPECIAL CONTRACT — BURDEN OF PROOF. — In an action upon a *quantum meruit* for services rendered, where the answer denies only the reasonable value of the services, and alleges that the work was done under a special contract as to time and price, and for a less sum than is claimed by plaintiff, the burden of proof is upon the defendant to show by a preponderance of evidence that the work was done under the express contract alleged; and if the evidence is equally balanced on that point, the plaintiff may recover what is proven to be the reasonable value of the services.

ID. — CERTIFICATE OF PARTNERSHIP — FIRM NAME DISCLOSING SURNAMES OF PARTNERS — CONSTRUCTION OF CODE. — A firm name composed of the surnames of all the partners is a "designation showing the names of the persons interested as partners," and not a "fictitious name," within the meaning of section 2466 of the Civil Code; and no certificate stating

the names in full of all the members of the partnership is required to be filed or published in such case, before an action can be maintained for services rendered by the partnership. (WORKS, J., dissenting.)

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. T. Williams,* for Appellants.

*Dupuy & Bentley,* and *C. C. Hamilton,* for Respondents.

Fox, J. — This was an action to recover $302 for services in making an abstract of title. The defendants put in a counterclaim for $6,000 damages, alleged to have been sustained by reason of the fact that the abstract was not made in time. The jury found a verdict in favor of the plaintiffs for $250, and the defendants appeal.

1. The facts stated in the counterclaim are, in substance, that if the plaintiffs had made the abstract in time, the defendants would have been able to borrow money on their property, and would have been able with such money to purchase other lands for which they had been negotiating, which latter land has subsequently increased in value in the sum of · six thousand dollars over and above what they could have purchased it for. The counterclaim is defective both in form and substance. The damages claimed are too remote, and the court properly excluded all evidence relating thereto.

2. The plaintiffs, whose names are C. W. Pendleton and W. J. Williams, were partners, doing business under the firm name of Pendleton & Williams. They have never published any certificate of copartnership; and it is contended that this prevents their recovery in this action.

Section 2466 of the Civil Code provides that "every partnership transacting business in the state under a

*fictitious name*, or a *designation not showing the names* of the persons interested as partners in such business, must file with the clerk of the county in which its principal place of business is situated a certificate stating the names, in full, of all the members of such partnership, and their places of residence, and publish the same," etc.

We do not think that the case before us falls within this provision. The name of one partner was Pendleton, and that of the other Williams. The firm name of Pendleton & Williams, therefore, was certainly not fictitious. It was true as far as it went. The only thing that can be said is, that it did not go far enough; that it was not a "designation showing *the names* of the persons interested as partners." But we think that if the legislature had meant so unusual a thing as a firm name showing the *full* names of all the partners, it would have been more natural to have said so explicitly, — just as it did do in speaking of the names to be inserted in the certificate. The reason of the provision, doubtless, was to enable persons dealing with the firm to know whom to hold responsible, — whom to proceed against. And for all practical purposes this reason is satisfied by information as to the surnames of the partners. If, for example, a man desires to sue the members of a partnership, whose firm name informs him that the partners are a man named Williams and a man named Pendleton, it would be a matter of little difficulty for him to ascertain what the initials of those persons are. No one would pay much attention to him if he should say that he might be led into error in such a case. The inquiry would be too easy. It was not intended to relieve persons dealing with a partnership of all possible exertion or fatigue. For all practical purposes, the information mentioned would be sufficient. The reason of the provision, therefore, is satisfied by the construction which we give to it. The opposite construction is not required by the lan-

guage, and would put an unnecessary clog upon business transactions.

We have heard it suggested that the persons dealing with the partnership would not know that the names stated in the designation of the firm were *the true* names of the partners; that is to say, in the case before us, it would not be known that Williams was the real name of the one or Pendleton of the other. But this argument proves too much. It would apply, no matter how fully the names of the partners were stated in the firm name. If, for instance, the real names of the partners here were Charles William Pendleton and Walter James Williams, and the firm name was Charles William Pendleton and Walter James Williams, it might still be said that persons dealing with the firm would not know whether these were the real names of the partners. Yet if such were their real names, no certificate would be required. This argument, therefore, does not change our conclusion.

Nor is there any opposition or contrast between the phrase "a fictitious name," and the phrase "a designation not showing the names of the persons interested." The latter is supplementary to the former. For instance, if in the case before us Pendleton or Williams was not the real name of either partner, the firm name would be fictitious. But if such names were the true names of the partners, and the firm name was Pendleton & Co., it would not be fictitious, but would be a designation not showing the names of all the persons interested as partners.

3. The action is upon a *quantum meruit.* The complaint alleged a request, the rendition of the services, their reasonable value, and the refusal to pay. The answer admitted the request and the service, but denied the reasonable value, and was silent on the subject of non-payment, thus admitting that allegation of the complaint. The only issue it tendered on the allegations of the complaint was as to the reasonable value. But the

answer also affirmatively tendered another issue, by alleging that the work was done under special contract, both as to time and as to price, the latter being alleged to be a sum less than the amount claimed by plaintiffs, or recovered in the action.

The court instructed the jury that the burden was upon the defendant to prove by a preponderance of evidence that the plaintiff had done the work under an express contract, and that if the evidence was equally balanced upon this point they should find for the plaintiffs in such sum as they found the work to be reasonably worth. This instruction is assigned as error.

Under the pleadings and the issues as they were framed in this case, we think the instruction was right. The case was unlike that of *Scott* v. *Wood*, 81 Cal. 404. In that case the plaintiff himself pleaded and relied upon an express contract as to price, made before the inception of the work, and under which he alleged that all service was rendered. The defendant admitted the special contract as pleaded by plaintiff, and that the work commenced under that contract, and at the monthly salary therein agreed upon, but alleged that at a subsequent period a new contract was made, by which the monthly salary was reduced from and after the date thereof. A divided court held that the burden of proof in that case remained with the plaintiff to show that the service continued throughout the employment to be at the salary fixed by the original contract. In other words, to show that the service, which continued through many years, having commenced, and being alleged to have continued under an express contract as to price, must be so proved. We are not disposed to carry the doctrine further than it was carried in that case. In this case, the first and only issue tendered as to special or express contract in regard to price was tendered by the defendant, and we agree with the court below that the burden of proving it was on the defendant.

Judgment and order affirmed.

THORNTON, J., SHARPSTEIN, J., MCFARLAND, J., BEATTY, C. J., and PATERSON, J., concurred.

WORKS, J., dissenting.—I dissent. The firm name of the plaintiffs was a "designation not showing the names of the persons interested as partners." Pendleton and Williams were not their names, but only a part of their names. The intent of the statute is, that the true names of the members of a copartnership shall be given, so that parties contracting with them may know to whom they are giving credit. Such a statute should be so construed as to give it full effect. The requirement that notice shall be given showing their names when they are not shown by the firm name is reasonable and just. Beside, such a construction of the statute will or.may lead to great abuse. Why may not Jones & Jones, or anybody else, do business under the firm name of Smith & Smith, if such a construction is to prevail, and thereby conceal their true names and identity as effectually as by using the firm name of Jones & Co. if there are a number of partners? If this were done, under the foregoing opinion there would be no remedy for the unfortunate individual who might contract with irresponsible Jones & Jones, believing they were Smith & Smith, who are known to be responsible. On the other hand, if such a partnership is required to publish notice giving their true names, and in such notice give the names falsely, they may be held responsible. Again, suppose the firm name is correctly given as Smith & Smith. There may be a hundred Smiths in the same locality, some perfectly good and reliable pecuniarily, and others worthless. In such a case, their names are necessary in order to contract with them intelligently. There is nothing burdensome in this statute, and its beneficial effects should not be frittered away by a narrow construction of its provisions.