(Hamilton County Common Pleas.)

DOOB & BRO. v. THE LOVELL MANUFACTURING CO.

---

Action in firm name—A partnership composed of two brothers, doing business under the firm name of M. Doob & Bro., cannot maintain an action in this State without registering and filing a certificate with the clerk, as required by the act of May 19, 1894 (90 Ohio Laws, 357), entitled "An act to prevent the use of fictitious names in partnerships."

---

HOLLISTER, J.

At the trial of this case before the magistrate, it appeared that the plaintiff was a partnership composed of Moritz Doob and Leopold Doob, and was styled in the proceedings as "a firm doing business under the laws of Ohio." It appeared that the firm had not registered, nor filed a certificate with the clerk of this court. Thereupon the defendant moved to dismiss on the ground that the plaintiff had failed to comply with the act passed May 19, 1894 (90 Ohio Laws, 357), entitled "An act to prohibit the use of fictitious names in partnerships."

The magistrate granted the motion and dismissed the cause. To this action on his part the plaintiff prosecutes error to this court.

The act under which the magistrate dismissed the case provides, so far as it relates to the present question, that "every partnership transacting business in this State under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the court of common pleas of the county in which its principal office or place of business is situated, a certificate stating the names in full of all the members of such partnership, and their places of residence, and publish the same, in a newspaper in the manner prescribed; and until the certificate is filed and publication made, "any persons doing business as partners contrary to the provisions of this act shall not maintain an action on account of any contracts made or transactions had in their partnership name in any court in this State."

M. Doob & Bro. doubtless means M. Doob & Brother. This designation may be interpreted M. Doob &. Doob. It might also include a brother of the half blood, or by loose interpretation, a brother-in-law. There might also be several brothers. Hence it is not at all clear what the names of the persons are who compose the firm.

Herein lies the distinction between this case and Pendleton v. Clive, 85 Cal. 142. In that case C. W. Pendleton and W. J. Williams were partners doing business under the firm name of Pendleton & Williams. It was held that under the requirements of the California statute, which is substantially the same as ours, it was not necessary for the partnership to register. "We think," say the court at page 144, "that if the legislature had meant so unusual a thing as a firm name showing the full names of all the partners, it would have been more natural to have said so explicitly—just as it did do in speaking of the names to be inserted in the certificate. The reason of the provision, doubtless, was to enable persons dealing with the firm to know whom to hold responsible—whom to proceed against. And for all practical purposes this reason is satisfied by information as to the surnames of the partners." See also Carlock v. Cognacci, 88 Cal. 600.

Assuming that these cases are well decided (they are followed by Miller, J., in Kinsey & Co. v. Ohio Southern Ry. C., 2 Nisi Prius Rep. 175, and that under their authority partners doing business as Doob & Doob, or M. Doob & Doob, would not be required to register under the provisions of the act in question, yet I do not think their reasoning should be extended to a case such as the one under consideration.

M. Doob & Bro. is not a fictitious name it is true; but it is not a designation "showing the names of the persons interested as partners."

The judgment of the magistrate is, therefore, affirmed.