[S. F. No. 536.  Department Two.—September 4, 1897.]

# GEORGE F. GRAY, Respondent, v. ASA R. WELLS, Appellant.

CONTRACT FOR CEMENT BULKHEAD—GUARANTY OF CONTRACTORS—NEGLIGENCE OF OWNER—PREMATURE FILLING OF BANK UPON UNHARDENED WALL—RECOVERY OF CONTRACT PRICE.—Under a contract to construct a cement bulkhead, a guaranty of the work for five years against all defects arising through fault of workmanship or material, and that the wall would hold the bank unless undermined on the north side, is to be construed together, as not requiring the wall to hold the bank at all events, but only that it shall not fail to hold it by reason of defects of workmanship or material; and where the bulkhead was properly constructed according to contract, and the wall was strong enough to hold the bank, if it had been allowed to set and harden, as proposed by the contractors, but, through the negligent action of the owner, in prematurely filling in the bank, against the objection and protest of the contractors, while the wall was very green, the wall was caused to topple over, bulge out, and crack, the contractors are not liable upon their guaranty for failure of the wall to hold the bank, and may recover the contract price, and the owner cannot recoup any damages therefrom.

ID.—FINDINGS—IMMATERIAL OMISSIONS.—Where the court found that the work was done in a good, skillful, and workmanlike manner, and with sufficient and proper materials, and in all respects as required by the contract, the omission to find upon issues raised by the answer as to whether the wall was or was not undermined on the north side, and whether it became cracked in several places, sprung out of line, bulged out, and overhung the adjoining lot, so that it became and was utterly worthless, is rendered immaterial, and cannot be prejudicial error, or ground for reversal.

ID.—INTERFERENCE WITH WALL IN PROCESS OF CONSTRUCTION—SUPPORT OF FINDING.—Where the court found that all defects in the wall were caused by the conduct and interference of the defendant "while the said wall was in process of construction," the finding is supported by evidence that defendant interfered by filling in the bank while the wall was green; and the wall cannot be said to have been fully constructed until the cement had had time to set and become hardened, so that any act during that time which caused injury to it may be properly treated as an act done during the process of construction.

ID.—HYPOTHETICAL FINDING AS TO DEFECTS—SURPLUSAGE—CONSISTENCY OF FINDINGS.—A finding that the defects in the wall, "if any there were," was occasioned by the conduct and interference of defendant himself while said wall was in process of construction, construed in connection with other findings that the contractors fully performed the contract in a good, skillful, and workmanlike manner, and furnished the materials in all respects in accordance with the con-

tract, and that defendant was not damaged by any act or omission of theirs, but that any damage he may have sustained was occasioned by reason of defendant's own conduct in interfering with the construction of the wall and changing the same from the plans upon which they agreed, desired, and sought to perform the work, is to be construed as stating that whatever defects there were on the wall was caused by the defendant, and the words, "if any there were," may be disregarded as surplusage; nor is there any inconsistency in the findings.

ID.—CONTRACT PRICE—PROVISION FOR EXTRA WORK AT A SPECIFIED RATE— FINDINGS.—Where the contract provided a fixed price of two hundred and fifty dollars for a concrete bulkhead, of specified dimensions, but also expressly provided that any extra concrete work in the wall was to be charged for at the rate of twenty-four cents per cubic foot, whatever extra work was performed by the contractors was part of the work done under the contract, and the agreed price therefor constitutes a part of the indebtedness which may be recovered under the contract, and where the court found that the contract had been performed in all respects according to its terms, and that under it defendant became indebted to the contractors in the sum of three hundred and twenty-five dollars, the finding is sufficient, without segregating the items for contract price and extra work, and finding specifically as to each; and where the evidence is conflicting as to whether extra work of the value of seventy-five dollars was performed, the findings and judgment will not be disturbed for insufficiency of the evidence as to the fact or value of extra work.

PARTNERSHIP—CERTIFICATE—ACTION BY ASSIGNEES—ASSIGNMENT TO MEMBER OF FIRM.—Though persons doing business as partners under a fictitious name cannot maintain any action upon or on account of any contracts made or transactions had in their partnership name, until they have first filed and published the certificate of partnership, as required by sections 2466 and 2468 of the Civil Code, yet their assignor may maintain such action, though there be no certificate of partnership filed and published; and the fact that the assignee was a member of the firm is immaterial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  James M. Troutt, Judge.

The facts are stated in the opinion.

Boyd & Fifield, for Appellant. .

Fisher Ames, for Respondent.

BELCHER, C.—The plaintiff, as assignee of G. F. Gray and H. N. Gray, partners doing business in the city and county of

San Francisco under the firm name of Gray Bros., brought this action to recover the sum of three hundred and sixty-four dollars and ninety-six cents alleged to be due and unpaid for work and labor performed and incidental materials furnished by said Gray Bros. to defendant at his special instance and request.

The answer denied the alleged indebtedness, and as a separate defense alleged "that on or about the 6th of April, 1894, the firm of Gray Bros., mentioned in the amended complaint herein, entered into a contract with this defendant, by the terms of which the said firm agreed to construct a concrete bulkhead, sixty-eight feet nine inches long, ten feet high, and averaging eighteen inches in thickness, in the rear of defendant's property, No. 2118 Pacific avenue, in said city and county of San Francisco, for the total sum of two hundred and fifty dollars, and to use blue-trap rock and Gillingham cement in the construction of said work, and guarantee it for five years against all defects that may arise through fault of workmanship or material used, and guarantee the wall to hold the bank unless undermined on the north side, and for any extra concrete work in the wall to charge for at the rate of twenty-four cents per cubic foot."

The answer further alleged that the labor and work to be done, and materials to be furnished, under this contract, were the same as those mentioned in the complaint; that Gray Bros. never performed the conditions of the said contract, but, on the contrary, so negligently and unskillfully, as to workmanship, constructed said bulkhead and wall that the same was insufficient to hold, and did not hold, the bank, although the wall was never undermined on the north side, but the wall cracked in several places, and sprung out of line, and bulged out and overhung the lot of the adjoining owner and so became valueless. The answer then set up a counterclaim for damages in the sum of two hundred and sixty dollars, growing out of the said defects. And it further pleaded in abatement of the action that Gray Bros. had never filed or published any certificate of partnership, as required by the Civil Code.

The case was tried by the court without a jury, and judgment was entered in favor of the plaintiff for the sum of three hundred and twenty-five dollars, with interest and costs. From that judgment and an order denying his motion for a new trial the defendant has appealed.

It is claimed for appellant that the findings are inconsistent with each other, inferential, uncertain, and hypothetical, and that they do not sustain the judgment.

The findings principally complained of are as follows:

"5. That the said Gray Bros. performed all of said work under contract between them and said defendant, as set up in defendant's answer, and that they performed the said work and furnished materials therefor in all respects in accordance with the requirements and conditions of said contract in a good, skillful and workmanlike manner, and that the same was not constructed negligently or unskillfully as to workmanship, not of insufficient or poor or improper materials, but in all respects of materials as required by the express provisions of said contract.

"6. That any and all defects in the construction of the wall, if any there were, were occasioned by the conduct and interference of defendant himself while said wall was in process of construction.

"7. That said defendant has not been damaged by any act or omission upon the part of said Gray Bros. in the sum of two hundred and sixty ($260) dollars, or in any other sum whatever, and any damage that he may have sustained has been occasioned and sustained wholly by reason of defendant's own conduct in interfering with the construction of said wall, and changing the same from the plans upon which said Gray Bros. agreed, desired, and sought to perform said work."

1. It is claimed that, assuming finding 5 states the facts correctly, so far as it goes, still there is no finding that the wall was undermined on the north side, or that it did not become cracked in several places, spring out of line, bulge out and overhang the adjoining lot, so that it became and was utterly worthless, as alleged in the answer, and that, in view of the contractor's guaranty that the wall would hold the bank for five years unless undermined on the north side, such findings were necessary in order to entitle plaintiff to recover. But the guaranty was for five years against all defects that might arise through fault of workmanship or materials used, and that the wall would hold the bank, etc. This guaranty must all be read and construed together, and it could not have been intended to

have effect under any and all circumstances, but only in case the wall should fail to hold the bank by reason of defects arising from fault of workmanship or materials used in its construction. And as the court found that the work was done in a good, skillful, and workmanlike manner, and with sufficient and proper materials, and in all respects as required by the contract, it was immaterial whether the wall was undermined on the north side, or whether it cracked and bulged out, thereby becoming worthless, or not. If, therefore, it was error not to find specifically as to those facts, it was a harmless error, and appellant was not prejudiced thereby, and hence is not ground for reversal.

2. Again, it is claimed that, as finding 5 states in effect that Gray Bros. constructed the wall as called for by the contract, it must follow that if the wall did not stand it was by reason of the fact that they misconceived the power of such a wall, and they are therefore liable upon their guaranty, and respondent cannot recover.

It was proved that when the wall was constructed the contractors did not want any earth piled against it until it had had time to dry out; that two days after the wall was finished, and while it was very green, the contractors discovered that appellant was causing dirt to be shoveled in against it on the south side, and objected to his doing so; that they told him the wall was very green, and would not hold if he continued to pile the dirt in, but he refused to stop doing so and said he would take the chances; that before the wall had dried out appellant caused dirt to be piled against it to the extent of four or five feet above it on the south side; that this filling of earth was the cause of its toppling over, and that it would have been secure if it had been allowed to set, and the dirt had not been filled in against it. And finding 6 is to the effect that all defects in the wall were caused by the conduct and interference of appellant himself while the said wall was in process of construction.

Counsel say, however, that this finding refers only to a time when the wall was in process of construction, and not to a time after its construction; that there is no finding that any act of defendant subsequent to the completion of the wall caused any injury to it; and hence it is argued that the evidence cited cannot be treated as sufficient to justify the finding or support

the judgment. But, under these circumstances, the wall cannot be said to have been fully constructed until the cement had had time to set and become hardened, and any act during that time which caused injury to it may properly be treated as an act done during the process of construction.

3. Appellant complains that there was no finding as to whether there were or were not any defects in the construction of the wall, and claims that finding 6 is uncertain and hypothetical because it says the defects, "if any there were," were occasioned by the conduct and interference of defendant. But the finding that the work was done and the materials furnished in all respects in accordance with the contract, and in a skillful and workmanlike manner, very clearly imports that there were no defects caused by the contractors in the construction of the wall. And finding 6 clearly states that whatever defects there were in the wall were caused by defendant. The words, "if any there were," were therefore mere surplusage and may be disregarded.

4. Counsel say: "But if finding 5 is true, it conclusively shows that defendant did not succeed in causing any deviation from the contract, either in workmanship or materials, and hence his conduct was innocuous. Moreover, if finding 6 is to be construed as a finding that he did so succeed, it becomes inconsistent with finding 5."

We see no necessary inconsistency in these findngs, and the same may be said of findings 5 and 7. The contract was to construct a concrete bulkhead sixty-eight feet nine inches long, ten feet high, and averaging eighteen inches in thickness. No plans were referred to in the contract or attached to it. A little sketch or plan was prepared as to the way the wall was to be built, but it was proved that when the work was going on appellant caused the contractors to deviate from this plan somewhat, against their protest that it would make a weaker wall. It was also proved that the wall as built was strong enough to have held but for the acts of appellant in piling up dirt against it before it had become hardened and set.

5. Appellant insists that if finding 5 is true, then plaintiff was only entitled to a judgment for two hundred and fifty dollars, which was the total contract price, and that the finding is

inconsistent with finding 1, which fixes the amount plaintiff was entitled to recover at three hundred and twenty-five dollars.

The complaint alleged an indebtedness of three hundred and sixty-four dollars and ninety-six cents for work and labor done and materials furnished. The answer set up a contract, under which the work was done and the materials furnished. The contract fixed the contract price at two hundred and fifty dollars, but it also provided that for any extra work in the wall the contractors should charge twenty-four cents per cubic foot. Whatever extra work was performed by the contractors was therefore a part of the work done under the contract, and the agreed price therefor constituted a part of the indebtedness for which plaintiff was entitled to recover. The court found that the contract had been performed in all respects according to its terms, and that under it defendant became indebted to the contractors in the sum of three hundred and twenty-five dollars. This sum must, of course, have been made up of the two hundred and fifty dollars for the main bulkhead and seventy-five dollars for extra work, but it was not necessary for the court in its findings to sever the items and find specifically as to each.

We conclude that under the pleadings plaintiff was entitled to introduce proof as to any extra work done, and we see no material conflict or inconsistency between any of the findings.

6. It is further claimed by appellant that the evidence was insufficient to show that extra work of the value of seventy-five dollars, or of any value, was done by the contractors, and hence that the plaintiff at most was entitled to recover only two hundred and fifty dollars. But whether extra work was done, and what was its value, were questions upon which the evidence was clearly conflicting. The judgment cannot, therefore, be disturbed on this ground.

7. Finally it is claimed that the plaintiff could not maintain the action, because he was a member of the firm of Gray Bros., and that firm had never filed or published any certificate of partnership as required by the Civil Code. (Civ. Code, secs. 2466, 2468.) But it has been held by this court that, though persons doing business as partners cannot maintain any action upon or on account of any contracts made or transactions had in their partnership name until they have first filed and published the certifi-

cate required, still their assignee may maintain such an action. (*Cheney v. Newberry*, 67 Cal. 126; *Wing Ho v. Baldwin*, 70 Cal. 194.) And the fact the assignee was a member of the firm is immaterial. It was in effect so held in the case first cited, where the name of the firm was Wm. H. Cheney & Co. and the name of the assignee William H. Cheney. This point cannot therefore be sustained.

We find in the record no valid ground for reversal, and advise that the judgment and order appealed from be affirmed.

Searls, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.