A. GUITERMAN, ET AL., RESPONDENTS, *v.* W. S. WISHON, APPELLANT.

[Submitted Sept. 26, 1898. Decided Oct. 3, 1898.]

*Statute of Limitation— Constitutionality of Change— Vested Rights—Pleading—Denial—Partnership—Name.*

1. STATUTE OF LIMITATIONS—*Change—Vested Rights.*—The statute of limitations does not confer a vested right; and a law shortening the time within which an action upon an existing debt may be commenced is not unconstitutional, if a reasonable time for commencing an action thereon is provided.

2. The Code of Civil Procedure was adopted in February, 1895, but did not take effect until July 1, 1895. By section 514, the time within which an action upon an account shall be brought was changed from five to three years. By section 557 it is provided that the statute of limitations prescribed by the new code does not extend to actions already commenced, or to cases where the time prescribed in any existing statute for acquiring a right or barring a remedy has fully run. The plaintiff's right of action accrued, according to the issues, on July 28, 1893, and his action was not brought until Nov. 21, 1896. *Held,* that plaintiff had under the new law a reasonable time within which to bring his action; and, he having failed to do so, the action was barred by the statute.

3. The complaint alleged that part payment had been made upon a certain named day; the answer denied that, on that day or at any other time since the 28th day of July, 1893, (the date of the purchase) the defendant paid the sum mentioned in the complaint or any other amount whatever, and averred that plaintiff had received no sum whatever from the defendant for any purpose. *Held,* that the answer denied the allegation of payment on account contained in the complaint.

4. The plaintiffs, A. Guiterman, S. A. Guiterman and L. A. Guiterman, were doing business under the firm name of Guiterman Bros. *Held,* that this was not a fictitious name, or a designation not showing the persons interested as partners, within the meaning of Section 3280, Civil Code.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by A. Guiterman and others against W. S. Wishon on an account. Judgment for plaintiffs on demurrer to the answer, and defendant appeals. Reversed.

*J. E. Healy,* for Appellant.

*John W. Kirk,* for respondents.

HUNT, J.—Action by plaintiffs (respondents), who allege that they are co-partners, against defendant (appellant), for $398.89, balance due upon an account for goods sold during

the year 1893.   The total value of goods so sold is alleged to
be $429.39, of which sum appellant is alleged to  have paid
$30.50 on  March  17, 1894.   Complaint was filed Nov. 21,
1896.   Defendant, in the following language, denied payment
of $30.50 on March 17, 1894:   ''Denies that on the 17th day
of March, 1894, or at  any other time or  times since the said
28th day of  July, 1893, the defendant paid  to  the  plaintiffs
the sum  of  thirty and  50-100 dollars, or  any other  amount
whatever; and avers that the plaintiffs  have received no sum,
whether thirty and  50-100 dollars or any other amount what-
ever, from  the defendant, or  any agent of  the defendant, or
any person  in  the employ, agency of, or  control of, the de-
fendant for any purpose whatever.''   Defendant  also averred
that the last item in the account between plaintiffs and defend-
ant was dated July 28, 1893, and pleaded  that  he  had  made
an assignment for the benefit of  his creditors on  August 21,
1893, and that under the statute of  limitations (Sections 514,
519, 555, 557, 3456, Code of Civil Procedure) and by Section
9 of the Political Code, plaintiffs' cause of action was barred.
The  answer  also  alleged  that  since  July 1, 1895, plaintiffs
were doing business in  Silver  Bow county, Mont., under  the
fictitious name of Guiterman Bros., and that said name does
not show the names of  the parties constituting and  being· the
parties interested in  the co-partnership alleged, and that plain-
tiffs have not  published any certificate showing  the names of
the parties interested in the said business and  co-partnership,
as required by law.

Respondents' general demurrer to the answer was sustained,
and from a judgment in plaintiff's favor defendant appealed.

Reference to the foregoing  statement shows  the principal
question for determination to  be whether the statute of limi-
tations was  properly relied  upon  by defendant.   When the
account sued on was contracted, and up to July 1, 1895, when
the codes took effect, the period prescribed for the commence-
ment of action  by plaintiffs was five  years from the time of
the last items proved by either side.   (Session Laws 1889, p.
173.)   The new Code of  Civil Procedure, adopted February,

1895, and which took effect July 1, 1895, prescribed three years as the limitation, instead of five, as theretofore. It was also provided by Section 3456 of the Code of Civil Procedure that: "When a limitation or period of time prescribed in any existing statute for acquiring a right or barring a remedy, or for any other purpose, has begun to run before this code goes into effect, and the same or any limitation is prescribed in this code, the time which has already run shall be deemed part of the time prescribed as such limitation by this code."

Section 3483 of the same code specifically repealed the before mentioned act of 1889, subject, however, to the provisions of sections 3482, 3455 and 3456 of the code. Section 3482 was also a repealing statute, but expressly did not affect any right already existing or accrued, or any action or proceeding already taken, except as in the code provided; while section 3455 said that no action or proceeding commenced before the Code of Civil Procedure took effect, and no right accrued, should be affected by its provisions.

It was enacted by section 557 that the provisions concerning the time of commencing actions do not extend to actions already commenced, nor to cases where the time prescribed in any existing statute for acquiring a right or barring a remedy has fully run, but the laws in force immediately before the taking effect of the Code of Civil Procedure are applicable to such actions and cases, and were repealed, subject to the provisions of said section 557. The legislature, by adopting the codes, altered the period of time in which actions on accounts might be commenced by shortening it when the time prescribed in the compiled or other statutes existing before the codes took effect had not fully run. Where the time prescribed for acquiring such right or barring a remedy had fully run, the laws in force before the codes became operative apply.

Respondents rely upon the doctrine of vested rights, and cite language used by Chief Justice Wade in *Gillette* v. *Hibbard*, 3 Mont. 415, to the effect that when a cause of action

arises under a statute of limitations the act thereby becomes a
rule of property, and the right to commence such action with-
in the period of limitation cannot be restricted or taken away
without impairing vested rights. But, whatever may have
been said *obiter* in the learned judge's opinion in the case cited,
the principle was distinctly stated that limitation acts affect
the remedy, and not the right. And to this extent, at least,
we affirm the decision. But that the right to the defense of
the statute is a vested right, or a right of property, as we un-
derstand respondents contend for, is not correct. There is no
property in the bar of an act of limitations by way of de-
fense to defendant's promise to pay. In *Campbell* v. *Holt*,
115 U. S. 620, 6 Sup. Ct. 209, the United States Supreme
Court decided that the defense of lapse of time to the obliga-
tion to pay money was no natural right, but the creation of
conventional law. "We can understand," said the court, "a
right to enforce the payment of a lawful debt. The constitu-
tion says that no state shall pass any law impairing this obli-
gation. But we do not understand the right to satisfy that
obligation by a protracted failure to pay. We can see no
right which the promisor has in the law which permits him to
plead lapse of time instead of payment, which shall prevent
the legislature from repealing that law, because its effect is to
make him fulfill his honest obligations." Statutes of limita-
tion, being somewhat arbitrary in their nature, and founded
in public needs and public policy, may shorten the periods in
which actions shall be commenced, or may extend them, and
yet not disturb vested rights, or rights of property. Such is
the established rule of the federal courts since *Campbell* v.
*Holt, supra,* decided long subsequent to *Gillette* v. *Hibbard,
supra,* and upon this theory the codes of this state were
adopted.

The qualification to the rule that statutes of limitation af-
fecting existing rights are not beyond the legislative power,
is that a reasonable time must be given for the institution of
the action before the bar takes effect. (*Terry* v. *Anderson,*
95 U. S. 628.) Adequate means of enforcing the right be-

ing preserved, the question then is one of reasonableness; that is, was the time allowed by the new codes, in which the action could be commenced reasonable under the facts and circumstances? The Code of Civil Procedure was duly approved on February 14, 1895, and took effect July 1, 1895. The last item of account between the parties having been on July 28, 1893, plaintiffs, under any circumstances, had three years, or until July 28, 1896, to commence their action, but failed to do so until November 21st, or more than fifteen months after the Code of Civil Procedure went into effect, and over twenty months after it was passed and approved as the law. The time not yet elapsed in which they could have proceeded, and yet have been within a three-years' limitation, was so clearly reasonable to enable plaintiffs to enforce their demand that we must hold they were negligent in not pursuing the remedy afforded them. (*Dale et al.* v. *Frisbie et al.*, 59 Ind. 530; *Pereles* v. *Watertown*, 6 Biss. 81, Fed. Cas. No. 10,980; *Smith* v. *Packard*, 12 Wis. 413.)

There are are cases, notably *Ludwig* v. *Stewart*, 32 Mich. 27, and *Parsons* v. *Wayne Circuit Judge*, 37 Mich. 288, which hold that, where the legislature fixes no time for the commencement of suits before a right of action is barred, the determination of what is a reasonable time within which to bring suit is a matter of legislation, and not a judicial question.

It may be that notice of the act of 1895 was given by the passage of the code, February 14, 1895, as was held in *Smith* v. *Morrison*, 22 Pick. 430, and as intimated in *Holcombe* v. *Tracy*, 2 Minn. 241 (Gil. 201) and that the period between such date and July 1, 1895, was a reasonable time fixed by the legislature in which parties might commence suits upon existing causes of action before the statutory bar could be pleaded; or it may be that the passage of the law was not notice, but that, when it was decided to postpone the period for the statute to come into operation, the statute had no force until it became the operative law of the land, as was held in *Price* v. *Hopkin*, 13 Mich. 318. That question is reserved

as unnecessary to a decision herein, for, as the pleadings state the facts of this case, surely the plaintiffs cannot complain, inasmuch as the lapse of time even between the date of the taking effect of the code and three years after their cause of action accrued must be considered reasonable as a matter of law. To this conclusion we are impelled in an effort to give effect to the intent of the legislature. It is plain that plaintiffs' cause of action is not brought within either of the two instances provided for by Section 557, *supra,* of the new code. Therefore, as to it, the old statute was expressly repealed. This being so, there would be no limitation to an action on an open account, unless the new statute affected it. That no statute at all should apply would be contrary to the policy of legislation and to the evident intent of the lawmaking power of the state. We therefore believe the code does apply, and that three years was the time fixed as applicable to causes arising under the old law, and not yet barred when the code took effect. The former statute having commenced to run, the new law diminished the time, and, if the legislature has not directly specified what is a reasonable time to be allowed in which to bring suit, it devolves upon the court to apply the law so as not to deprive one of a reasonable time to sue on his demand, and to require that action be commenced within such reasonable time, or be barred. Believing this to be the only logical conclusion under the statutes and codes of the state bearing upon the question involved, we hold that plaintiffs' cause of action is barred by the lapse of the intervening time between July 1, 1895, and July 28, 1896.

Plaintiffs' point that defendant has not denied that payment was made on the account as alleged in the complaint is not well taken.

There is no merit in the contention of defendant that the firm name of Guiterman Bros. is a fictitious name, or a firm name not showing the names of the parties composing the partnership, and that plaintiffs cannot maintain this action because they have not filed with the clerk of Silver Bow county the certificate required by Section 3280, of the Civil Code.

The complaint shows that plaintiffs, A. Guiterman, S. A. Guiterman, and L. A. Guiterman, were co-partners doing business at St. Paul, Minn., under the firm name and style of Guiterman Bros. This was not a fictitious name at all, nor a designation not showing the names of the persons interested as partners in such business, within any reasonable meaning to be put upon Section 3280, *supra*. Section 3280 being exactly similar to the California statute upon the same subject, we adopt the reasoning and decisions of the supreme court of that state holding that a firm name showing the surnames is neither fictitious nor a designation not showing the names of the partners, within the purview of a statute like Section 3280. (*Pendleton et al.* v. *Cline*, (Cal.) 24 Pac. 659; *Curlock et al.* v. *Cagnacci*, (Cal.) 26 Pac. 597.)

The judgment is reversed, and the cause remanded, with directions to overrule the demurrer to the answer.

*Reversed and Remanded.*

PEMBERTON, C. J., and PIGOTT, J., concur.