Spear, J.,
dissenting.
I find myself unable to assent to the foregoing holding. Whether or not the name of the firm “Case & Taylor” is a designation showing the names of the persons interested as partners in such business is the question. Is the giving of the surnames only sufficient, or must there be a designation of the full names of the partners? It seems to me that the words of the statute settle it. They are that a partnership transacting business under a fictitious name, or a designation not showing the names of the partners, must file, etc., a certificate “stating the names in full of all the members of such partnership and their places of residence.” Now, the surname is, ordinarily, only a part of a name, not all of it, and when the giving of a name is required the natural import of the term calls for the full name, and this is distinctly expressed in the last clause of the section. The holding of the majority amends the statute. The legislature may do this; the court may not.
I am aware that two reported cases in the court of common pleas of the state follow the holding in Pendleton v. Cline, 85 Cal., 142, in construing a similar statute, that where the firm name embraces the surnames of the partners no certificate is necessary, but I am not aware that the repetition of an erroneous conclusion in any way strengthens it.