VAUGHAN, RESPONDENT, v. KUJATH, APPELLANT.

(No. 3,058.)

(Submitted January 18, 1912.  Decided January 20, 1912.)

[120 Pac. 1121.]

*Partnerships—Fictitious Firm Name—What is not—Pleadings —Conclusions.*

Partnership—Name of Firm—Names of Persons Interested—Sufficiency of Designation.

1. Revised Codes, section 5504, requires every partnership transacting business under a name which does not show the names of the partners to file a certificate stating the names of all the members and their residences and to publish the same. *Held*, that the name "McLaughlin Bros." did not come within the statute, since it may not be said, as a matter of law, that such name is fictitious and does not show the names of the persons interested in the firm.

Pleading—Conclusions.

2. In an action on a note to "McLaughlin Bros." and assigned to plaintiff, an answer, alleging that said "McLaughlin Bros." were and now are copartners doing business under the name of "McLaughlin Bros.," and that said name is and was a designation not showing the names of the partners, did not amount to an averment that some one other than persons named "McLaughlin" were interested as partners, but was a mere conclusion.

Same—Allegations of Answer—Sufficiency.

3. Revised Codes, section 6532, requiring a complaint to contain a statement of the facts constituting the cause of action in ordinary and concise language, applies to new matter alleged in the answer.

*Appeal from District Court, Carbon County; Sydney Fox, Judge.*

ACTION by E. J. Vaughan against Herman Kujath.  From a judgment for plaintiff, defendant appeals.  Affirmed.

*Mr. W. L. Hyde,* for Appellant, submitted a brief and argued the cause orally.

In behalf of Respondent, there was a brief by *Mr. A. C. Spencer* and *Mr. W. D. Tipton,* and oral argument by *Mr. Tipton.*

MR. JUSTICE SMITH delivered the opinion of the court.

This action was brought to recover the balance due on a promissory note signed by the defendants and others, wherein they

agreed to pay "McLaughlin Bros.," or order, the sum of $1,000. The note was transferred to plaintiff. The complaint alleges that "McLaughlin Brothers" were copartners. The only defense interposed reads as follows: "(1) That at all times mentioned in the complaint, the said McLaughlin Brothers were and now are copartners, doing business under the firm name and style of McLaughlin Bros.; that defendants are informed and believe, and therefore state the facts to be, that said name is and was at all of said times a designation not showing the names of the persons interested as partners in such business. (2) That before the commencement of this action, and ever since the commencement of this action, the said McLaughlin Bros. have failed and neglected to file and publish or cause to be filed and published a certificate showing the names in full of the members of said firm, in the manner and form and at the time required by law, or at all." The district court on motion entered judgment upon the pleadings, and this appeal resulted.

Sections 5504 and 5505, Revised Codes, read as follows:

"Sec. 5504. Every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the county in which its principal place of business is situated, a certificate stating the names in full of all the members of such partnership and their places of residence, and publish the same once a week, for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county.

"Sec. 5505. The certificate filed with the clerk, as provided in section 5504, must be signed by the partners and acknowledged before some officer authorized to take acknowledgment of conveyances of real property. Where the partnership is hereafter formed, the certificate must be filed, and the publication designated in that section, must be made within one month after the formation of the partnership, or within one month from the time designated in the agreement of its members for

the commencement of the partnership; where the partnership has been heretofore formed, the certificate must be filed, and the publication made within six months after the passage of this Code. Persons doing business as partners contrary to the provisions of this article, or any assigns thereof, shall not maintain any action upon or on account of any contracts made or transactions had in their partnership name, in any court of this state, until they have first filed the certificate and made the publication herein required."

It cannot be said, as a matter of law, that the name "McLaughlin Bros." is a designation not showing the names of [1]    the persons interested as partners in the business. This court, in *Guiterman* v. *Wishon,* 21 Mont. 458, 54 Pac. 566, said: "We adopt the reasoning and decisions of the supreme court of California holding that a firm name showing the surnames is neither fictitious nor a designation not showing the names of the partners." (See, also, *Pendleton* v. *Cline,* 85 Cal. 142, 24 Pac. 659, and *Carlock* v. *Cagnacci,* 88 Cal. 600, 26 Pac. 597.) In the first California case, just cited, the court said: "If in the case before us Pendleton or Williams was not the real name of either partner, the firm name would be fictitious. But if such names were the true names of the partners, and the firm name was Pendleton & Co., it would not be fictitious, but would be a designation not showing the names of all the persons interested as partners." In the *Carlock Case* the court said: "The proper way to raise such a point is by answer." It becomes, therefore, a question of fact whether the designation is one not showing the names of the persons interested as partners. The defense attempted to be interposed is an affirmative one. The burden was upon the defendants to properly plead and prove it.

The allegation that the designation is one not showing the names of the persons interested as partners is a mere conclusion of the pleader. Especially so, in view of the fact that it is coupled with an affirmative allegation that "the said McLaughlin Brothers were and now are copartners doing business under the firm name and style of McLaughlin Bros." But one

[2] construction can be placed upon this allegation, and that is that the defendants drew the conclusion that "McLaughlin Bros." is a designation not showing the names of the persons interested, from the fact that such designation does not disclose the given names of the respective partners. This was not necessary. This court, in *Lander* v. *Sheehan,* 32 Mont. 25, 79 Pac. 406, held, in effect, that the name "Lander Furniture & Carpet Co." revealed the name of the proprietor and owner of the company.

Section 6540, Revised Codes, declares that the answer, in certain cases, must contain a statement of any new matter constituting a defense or counterclaim. Section 6532, Revised Codes, provides that a complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language. The new matter alleged in the answer should also be [3] stated in ordinary and concise language, and the facts must be set out with the same precision as the facts in a complaint. (31 Cyc. 218.) The answer in this case violates this rule, if indeed it was intended to allege therein that some one other than a person named McLaughlin was interested as a partner. This idea, however, is altogether at variance with the allegation that "said McLaughlin Brothers were and now are copartners doing business under the firm name and style of McLaughlin Bros.," and, while inconsistent defenses may be pleaded, there is not any indication in this answer that the pleader was attempting to set forth such a defense as that last suggested.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.