[Civ. No. 982. First Appellate District.—August 15, 1912.]

F. X. TRUDEL, Respondent, v. A. BUTORI et al., Appellants.

BUILDING CONTRACT—ASSIGNMENT TO PARTNERSHIP—ACTION BY AS-
SIGNEE OF PARTNERSHIP—QUESTION OF FICTITIOUS DESIGNATION—
SUFFICIENCY OF COMPLAINT.—Where a building contract was assigned
to a partnership designated as "F. X. Trudel & Son," in an action
on said contract brought by F. X. Trudel, as assignee of the part-
nership, for the balance due on the contract, and for extra work done

by the partnership, the complaint is not subject to a general demurrer on the ground that the firm name is a fictitious designation, and that the complaint does not show that the partnership had complied with the provisions of section 2466 of the Civil Code.

ID.—QUESTION OF FICTITIOUS CHARACTER OF PARTNERSHIP—NAME IMMATERIAL IN ACTION BY ASSIGNEE OF PARTNERSHIP.—Though there is authority to sustain the position that the designation of the partnership name as "F. X. Trudel & Son" is not fictitious, yet, without passing upon that question, it is held to be the law of this state that, without regard to the fictitious character of the partnership designation, though the partnership itself cannot sue thereon for not having complied with section 2466 of the Civil Code, nevertheless the assignee of the partnership may sue thereon without regard to such compliance.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, for Appellants.

Lloyd Macomber, for Respondent.

KERRIGAN, J.—This is an appeal by defendants from a judgment against them and from an order denying their motion for a new trial in an action brought by plaintiff against defendants for an alleged balance due for work done and labor furnished.

In January, 1907, defendants entered into a contract with W. Ottmann, in which contract Ottmann agreed to construct for defendants a certain building in San Francisco.  With the consent and approval of defendants Ottmann assigned this contract to F. X. Trudel & Son, who at that time were engaged as copartners in the contracting business.  At the request of the defendants there was some extra work done, and plaintiff, F. X. Trudel, as assignee of the copartnership, claims that on account thereof, and on account of an unpaid balance on the original contract, there is due him the total sum of $710.55.

The cause was tried by a jury, which returned a verdict in favor of plaintiff F. X. Trudel for the sum of $550, and judgment for that sum was accordingly entered.

There were several amendments to the complaint, but the allegations of the pleading upon which the case was finally tried show that F. X. Trudel and his son Arthur Trudel were carrying on business under the firm name of F. X. Trudel & Son. It is asserted by defendants that this is a fictitious designation, and that as the complaint does not show that the partnership had complied with the provisions of section 2466 of the Civil Code, they contend that their demurrer, which raised this point, should have been sustained.

There are a number of authorities which seem to hold that this designation is not fictitious (*Guiterman* v. *Wishon*, 21 Mont. 458, [54 Pac. 566]; *Vaughan* v. *Kujath*, 44 Mont. 484, [120 Pac. 1121]; *Pendleton* v. *Cline*, 85 Cal. 142, [24 Pac. 659]; *Wilson* v. *Yegen Bros.*, 38 Mont. 504, [100 Pac. 613]); but it is unnecessary for us to pass upon the point in this case, for it is alleged in the complaint that the copartners assigned the claim against the defendants to the plaintiff F. X. Trudel, in whose favor judgment was entered; and it has been repeatedly held in this state that while such partnership, not having complied with section 2466, Civil Code, may not maintain an action on a contract made by it, nevertheless its assignee may do so. (*Gray* v. *Wells*, 118 Cal. 11, [50 Pac. 23].) There is, therefore, no merit in this point. While the evidence of the assignment is meager, still we think, under all the circumstances of the case, it must be deemed sufficient.

In view of the stipulation of the parties in open court at the time of the oral argument, it is unnecessary for us to pass upon the point made by defendants concerning the complaint in intervention.

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 14, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 14, 1912.