PONTIAC SAVINGS BANK *v.* REINFORCED CONCRETE PIPE CO.

PARTNERSHIP — CERTIFICATE OF MEMBERSHIP — CONTRACTS — BILLS AND NOTES—HOLDER IN DUE COURSE.

Whether or not the payee in a promissory note was engaged in business lawfully as a copartnership, having filed a certificate showing its membership, pursuant to Act No. 101, Pub. Acts 1907 (2 How. Stat. [2d Ed.] § 2626), defendants, claiming that the certificate had not been properly acknowledged, could not defeat the right of a holder in due course to recover, in the absence of proof of knowledge or notice of the illegality: the statute was designed to protect, not to punish, innocent persons who deal with partnerships, and hence contracts made in violation of the act are voidable only at the instance of the innocent party.

Case-made from Jackson; Parkinson, **J.** Submitted November 4, 1913. (Docket No. 60.) Decided December 20, 1913.

Assumpsit by the Pontiac Savings Bank against the Reinforced Concrete Pipe Company and others. Judgment for plaintiff on a directed verdict. Defendant brings case-made. Affirmed.

*Miner & Reece*, for appellants.

*J. A. Tillson (James H. Clancy*, of counsel), for appellee.

KUHN, J.   Suit was brought to recover the amount due upon a promissory note made by the defendant, the Reinforced Concrete Pipe Company, a corporation, to the Slater Construction Company, a copartnership, on the 8th day of August, 1912, for $3,600, due 30 days after date, with interest at 6 per cent. This note was received by the plaintiff August 10, 1912.   It was a renewal of a note for the same amount dated July 9, 1912, due 30 days from date, and the last-mentioned note was a renewal of the original for the same sum, dated January 9, 1912, due in six months.   This note was negotiated by the Slater Construction Company to the plaintiff January 10, 1912. Plaintiff gave the Slater Construction Company $3,600 for the original note by crediting such company with that amount on its account in plaintiff's bank, and before the maturity of the note the Slater Construction Company exhausted the account.   The note now in question was indorsed by the defendants Loomis and Lowery and had also indorsed thereon a guaranty of payment by the Slater Construction Company and waiver of demand, notice, and protest of the same when due.   The Slater Construction Company was a copartnership consisting of Olney A. Slater, Franklin A. Slater, and Albert M. Slater, all residing in Pontiac, Mich., which had existed from five to seven years, engaged in the business of contractors, builders, dealers in lumber and builders' supplies.   The persons composing this copartnership on the 18th day of September, 1908, filed with the county clerk of the county of Oakland a certificate purporting to be such as was required under the provisions of Act No. 101 of the Public Acts of 1907 (2 How. Stat. [2d Ed.]

§ 2626), which gave the names and residences of each of the persons associated in said partnership, but the same was acknowledged only by Olney A. Slater and not by all the partners. On the 20th day of September, 1912, another certificate under said act, and properly acknowledged, was filed with the county clerk of Wayne county.

On the trial of the case in the court below, a verdict was directed in favor of the plaintiff for the amount of the note and interest. Counsel for appellants state their claim in this court in their brief as follows:

"Substantially one question is raised for the consideration of the court by the assignments of error. It is this: Could the Slater Construction Company, as payee of the promissory note in question, as against the makers thereof, make a valid assignment of the same set forth in the case-made, while such copartnership was doing business in violation of Act No. 101 of the laws of this State for the year 1907?"

This assumes that at the time of the taking of the note in question the original payee (the Slater Construction Company) had not filed a proper certificate pursuant to said Act No. 101 of the Public Acts of 1907 (2 How. Stat. [2d Ed.] § 2626). A certificate containing all the information the law requires was filed, and the only objection made thereto is that it was not acknowledged by all the partners. It is unnecessary for us to pass on the question whether this was not a sufficient compliance with the law, as we are satisfied that the trial court was correct in holding that, as under the undisputed facts in this case the plaintiff had no knowledge at the time of the taking of the note in question as to whether or not the Slater Construction Company had complied with the statute in regard to filing the certificate, it was a holder of such note in due course and for value, and, having had no notice whatever of such a defense at the time of taking the note, it cannot be said that its

rights are affected by the provisions of the act of the legislature above referred to. The object of the legislature in passing this statute was undoubtedly to protect parties who do business with such concerns and not to punish them, and, in order to make it effective, provided punishment for the offending party.

The question here raised has had the consideration of this court in the case of *Cashin* v. *Pliter,* 168 Mich. 386, 390 (134 N. W. 482, Ann. Cas. 1913C, 679), in which case Mr. Justice STEERE, in speaking for the court, said:

"While, as heretofore stated, the general rule is well settled that a contract made in violation of a statute is void when the statute is otherwise silent, and contains nothing from which the contrary is to be inferred, nevertheless the diversity of legislation gives rise to varying exceptions to this rule; and before applying it in full the court should carefully scrutinize the particular statute under advisement, for the purpose of ascertaining, from the subject-matter and language used, the object for which it was enacted and the intent of its makers, to the end that such intent may be rendered effectual and the indicated purpose accomplished. As this act involves purely business transactions and affects only money interests, we think it should be construed as rendering contracts made in violation of it unlawful and unenforceable at the instance of the offending party only, but not as designed to take away the rights of innocent parties who may have dealt with the offenders in ignorance of their having violated the statute."

Our attention is also called to the construction placed on a similar statute by the California courts, sustaining this view. See *Trudel* v. *Butori,* 19 Cal. App. 584 (127 Pac. 76) ; *Gray* v. *Wells,* 118 Cal. 11 (50 Pac. 23).

Judgment is affirmed.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.