[Civ. No. 1509.   First Appellate District.—March 11, 1915.]

## CREDITORS' ADJUSTMENT COMPANY (a Corporation), Respondent, v. PETER ROSSI, Appellant.

ACTION FOR SERVICES—PROCURING LEASE—SUFFICIENCY OF EVIDENCE.—
In this action for services rendered in the negotiations for a lease
of real property it is held that the evidence abundantly supports the
findings of the court against the contention of defendant that plain-
tiff's assignor was to be paid for his services only if he succeeded
in procuring a lease or agreement to lease which would not require
the defendant to install a vault and steam-heating apparatus in the
premises to be leased.

ID. — COPARTNERSHIP — FICTITIOUS NAME — SECTIONS 2466 AND 2468
CIVIL CODE.—As the statute stands to-day, and as it stood since the
amendment of 1911 to sections 2466 and 2468 of the Civil Code,
neither a copartnership doing business under a fictitious name, nor
its assignee, may maintain an action in any court in this state,
where they have failed to file and publish the certificate required by
said sections; but an action commenced before the amendment is
governed by the law as it stood at that time, which permitted as-
signees of such partnerships to maintain suits.

ID.—DEFINITION OF WORD MAINTAIN.—The word "maintain," as used in
said sections, means to commence, institute, begin, or bring an
action.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   W. M. Conley, Judge
presiding.

The facts are stated in the opinion of the court.

Leon Samuels, for Appellant.

Peter A. Breen, for Respondent.

KERRIGAN, J.—This is an action for services rendered
by J. B. Albert, who assigned his claim to the Benjamin S.
Brown Agency, who in turn assigned the claim to the plain-
tiff.   The action is based upon a written agreement.

The defendant Rossi had an option of a ground lease of cer-
tain real property in San Francisco, and was seeking a tenant
who would take a lease of a building to be erected by him.
His efforts in this behalf had progressed so far that he had

entered into an agreement for a lease of the property with the Harry J. Moore Furniture Company, and on account thereof had received a deposit of two thousand dollars, but subsequently, owing to a dispute between them concerning the installation of a vault and steam-heating apparatus, the agreement for the lease was canceled by mutual consent, and the deposit was returned to the furniture company. Shortly after that the defendant secured the services of J. B. Albert, who had assisted him in negotiating the agreement for a lease just mentioned, to approach the furniture company and re-open negotiations for a lease. This was done, with the result that a second agreement for a lease was made with the furniture company, and the defendant received a deposit of two thousand dollars. For this service the defendant agreed to pay J. B. Albert five hundred dollars; and two days after the agreement for the lease was executed the defendant gave Albert the instrument which is the basis of this action, and according to the terms of which he promised to pay to Albert five hundred dollars when the lease should be executed. Subsequently the lease was executed by an assignee of the defendant.

Plaintiff recovered judgment for the amount sued for, with interest and costs, from which judgment the defendant has appealed.

Defendant's main contention on the facts is that Albert was to be paid the five hundred dollars only if he succeeded in getting the furniture company to sign a lease or an agreement for a lease which would not require the defendant to install a vault and steam-heating apparatus. If this be true, why did not the defendant see to it that the provision concerning this matter was incorporated in the contract, and why did he give to Albert the written agreement to pay the five hundred dollars two days after the agreement for a lease was executed, which agreement called for the installation of the vault and heating apparatus? In any event, the testimony introduced by plaintiff was to the effect that this condition was no part of the agreement for commissions.

The findings are abundantly supported by the evidence.

As before stated, J. B. Albert assigned his claim to the Benjamin S. Brown Agency, which in turn assigned it to the plaintiff. At the trial it developed that the first assignee was a copartnership doing business under a fictitious name, and

that it ħad failed to file and publish the certificate required
by the provisions of sections 2466 and 2468 of the Civil Code.
As the statute stands to-day, and as it has stood since the
amendment to those sections of 1911, neither a copartnership
doing business under a fictitious name nor its assignee may
maintain an action in any court of this state; but this action
was commenced before the amendment, and is governed by
the law as it stood at that time, which permitted assignees of
such partnerships to maintain suits. (*Gray* v. *Wells,* 118
Cal. 11, [50 Pac. 23].)   And there is no merit in the defend-
ant's suggestion that while plaintiff was within its rights in
bringing the action, the action cannot now be sustained be-
cause the statute employs the word "maintain," reading "No
person doing business under a fictitious name . . . , his as-
signee, . . . shall maintain an action," etc.   The word
"maintain" as here used means, to commence, institute, be-
gin, or bring.   (25 Cyc. 1664.)

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the
district court of appeal, on April 10, 1915.