## A. B. BARTLETT v. CHOUTEAU INSURANCE COMPANY.

INSURANCE CORPORATIONS; *Stock Subscriptions.* A statute prohibiting insurance corporations from "taking risks," or transacting any "business of insurance," except upon certain conditions, does not, even when such conditions are not complied with, invalidate subscriptions made to the capital stock of such corporations, or notes given in payment thereof.

*Error from Wyandotte District Court.*

THE *Chouteau Insurance Company* is a corporation organized under the laws of the state of Missouri, and has its

principal office at the city of St. Louis, in said state. In 1870, and while §§ 103 to 113 of ch. 23 of Gen. Stat. 1868, relating to "insurance corporations not created under the laws of this state," were in force, *Bartlett*, a citizen of Wyandotte, subscribed to the capital stock of said corporation, and in part payment of such subscription gave what was called and known as a "capital-stock note." This action was brought to recover the amount due on such note. Trial at the September Term 1874, and judgment for plaintiff for $278.65, and costs. *Bartlett* brings the case here.

*E. L. Bartlett*, for plaintiff in error.

*W. T. Hills*, and *Frame & Wells*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: There is but one point involved in this case submitted to the court. Section 103 of ch. 23, relative to foreign insurance companies, provided, "that no insurance company created by or under the laws of any other state or territory shall directly or indirectly take risks, or transact any business of insurance, without first obtaining a certificate of authority from the auditor of state." Section 105 prescribed, in brief, that no insurance company should transact any business of insurance unless it was possessed of one hundred thousand dollars in paid-up capital. It is admitted that the Chouteau Insurance Company never had such certificate from the auditor of state, and that it is a foreign corporation.

The plaintiff in errror subscribed for stock in this company, paid part cash, and gave his notes for the balance. The whole transaction took place in this state. Was the plaintiff in error liable on these notes? Clearly so. The only prohibition in the statute is on "risks," and "business of insurance." But "stock subscriptions" are neither. At least, not in legal parlance, though when taken in some corporations there is a sense in which they may well be called *risks*. But in legal phraseology, they are as distinct as any transactions known to the law. Stock subscriptions are for

the building up of the corporation, and antedate the business of insurance and the taking of risks for which it is chartered. They fall no more within the term "risks," and "business of insurance," than do contracts for rent of offices, purchase of paper and other stationery, advertisements, etc. If they were included within the prohibition, we should have the legislature gravely declaring that no insurance corporation could take a valid subscription of stock until it had a capital of one hundred thousand dollars. The comments of counsel upon the effect of § 91 of said act upon the question, have no foundation in the case made, and need not be considered.

The judgment will be affirmed.

All the Justices concurring.