SNODDY *v.* BANK.

(*Nashville.* February 25, 1890.)

1. BILLS AND NOTES. *Given by principal to agent upon consideration of dealings in futures, void.*

Note given by principal to his agent for losses incurred and paid by the latter in conducting for the former such dealings in futures as are declared gaming and made indictable by Act 1883, Ch. 251, is void.

Act construed: Acts 1883, Ch. 251.

Code cited: §§ 2438, 2444 (M. & V.); §§ 1769, 1775 (T. & S.).

Case cited and approved: Beadles *v.* Ownby, 16 Lea, 424.


2. SAME. *Same. Even in hands of an innocent holder for value.*

And such note is void even in the hands of an innocent holder, by indorsement for value before due, and without notice of the illegality of the consideration. Such dealings are immoral in themselves, and declared a crime by the statute, and therefore a note based upon them is by implication, though not in express terms, made void in the hands of an innocent holder, its negotiation to such person being itself a crime.

Act construed: Acts 1883, Ch. 251.

Code construed: § 5708 (M. & V.); § 4886 (T. & S.).


FROM DEKALB.


Appeal in error from the Circuit Court of De-Kalb County. M. D. SMALLMAN, J.

Action by the American National Bank to recover of J. H. Snoddy upon a note given by him to Williams & Co., and indorsed by them to the bank for value, before due, and in due course of trade. The defense interposed was that the note was given for losses incurred and paid by Williams & Co. in conducting for Snoddy certain gaming transactions known as dealing in futures; and that, therefore, the note is void even in the hands of an innocent holder. The bank recovered judgment below. Snoddy appealed and assigned errors.

DAN WILLIAMS for Snoddy.

WILL T. HALE and JOHN M. GAUT for Bank.

SNODGRASS, J. The only question in this case is whether an innocent holder of a note founded on a gaming consideration can recover of the maker.

The note sued on was void in the hands of the payee. It was given in settlement of loss sustained by plaintiff in error while dealing in futures with Williams & Co. There was no intent to take or deliver grain pretended to be purchased on the one hand or sold on the other. The contract to do so was therefore gaming and void by express statute. Act 1883, p. 331; *McGrew* v. *City Produce Exchange*, 1 Pickle, 572.

Nor does it matter that Williams & Co. pretended to be or were mere agents in the trans-

action. They knew of and participated in its illegality, and could maintain no action on the note given them for the loss sustained by their alleged principal. *Beadles, Wood & Co.* v. *Ownby,* 16 Lea, 424.

But they transferred the note taken by them in settlement of the loss sustained by plaintiff in error, to the American National Bank before due, for value, and the bank had no notice of the illegality of consideration. It is therefore insisted the bank may recover as an innocent holder, and the Circuit Judge so held.

Our statute makes all wagering contracts void to the extent of the wagering consideration, and provides that no money or property won by any species or mode of gaming shall be recovered by action, and that any money or property so paid or delivered may be recovered back by the payor, his wife, children, next of kin, or creditors. Code, § 2438 *et seq.*

The particular species of gaming now being considered is made a misdemeanor, and punished as such, the limitation as to least punishment being more severe than that of ordinary gaming. Act 1883, Sec. 3.

Thus it appears that such contract is not only against public morals and public policy and public statute—*malum in se* and *malum prohibitum*—and that it is declared void, but it is also made a crime, and punished as such. The general rule that as between an innocent holder and the maker,

the consideration cannot be inquired into, is subject to the exception that it may be done if the consideration was a gaming or usurious one. 3 Kent, 99 (9th Ed.).

By the great weight of authority, notes given in consideration of a contract against morals, public policy, and public statutes are void in any hands. Eng. & Am. Ency. of Law, Vol. II., p. 368, and notes.

Perhaps there are no exceptions when, in addition, the transaction is also criminal.

It is insisted, however, that the statutes referred to do not, in express terms, declare that negotiable notes so executed are void in the hands of innocent holders, and that unless the statute so declares they will be held good; and, for this proposition, Chitty on Bills, 104, 105, Daniel on Neg. Insts., Secs. 197, 198, and several cases are cited.

But these authorities (and to the same effect is Story on Promissory Notes, Sec. 192, from which Mr. Daniel copies the greater part of sections cited) show that the statute need not expressly declare such notes void; if it does so by necessary implication, it is sufficient.

We hold that the statutes referred to do by necessary implication make such notes void, in making the contract under which they are executed void and criminal.

But the statute goes further. It affirmatively shows that such negotiable notes are not to be used, and makes the transfer of such a note to a party

ignorant of its illegality a criminal offense. Code, §§ 2444, 5708.

It results, therefore, that the bank cannot maintain an action on the note in controversy, and the judgment of the Circuit Judge must be reversed, and judgment entered here in favor of plaintiff in error.

The costs of both Courts will be paid by the bank.