## SAM COHN v. J. N. LUNN.*

(*Nashville*. December Term, 1915.)

1. BILLS AND NOTES. Validity. Illegal transactions.

A note executed in violation of a penal statute is absolutely void not only between the parties, but even as against an innocent holder. (*Post, pp.* 549-550.)

Acts cited and construed: Acts 1897, ch. 77.

Cases cited and approved: Webb v. Tarver & Wife, 2 Tenn., Chan. App., 366; Pinney v. First Nat. Bank of Concordia, 68 Kan., 223; Snoddy v. Bank, 88 Tenn., 573; Bank v. Chapman, 122 Tenn., 415.

2. BILLS AND NOTES. Recital of consideration. Note for patent right.

Where a party sold defendant a quantity of patented articles and granted him an exclusive right to sell such articles, and such others as he might order, in certain territory, and in consideration of the articles purchased, and the exclusive right to sell, defendant executed his note for $495, the note was not invalidated by noncompliance with Acts 1897, ch. 77, sec. 1, making it unlawful to take or receive any note for the sale of a patent right or any interest therein unless it shall clearly appear upon the face of the note that it is given in the purchase of a patent right or interest therein, as a license to sell patented articles conveys no interest in the patent. (*Post, pp.* 550-552.)

Case cited and construed: Waterman v. Mackenzie, 138 U. S., 252.

3. BILLS AND NOTES. Penal statutes. Construction.

Acts 1897, ch. 77, requiring notes given for the sale of a patent right or interest therein to show on their face that they are so given, and making a violation thereof a felony, is a penal act, and must be strictly construed. (*Post, pp.* 552, 553.)

Cases cited and approved: Woods & Sons v. Carl, 203 U. S., 358; Allen v. Riley, 203 U. S., 347.

---

*The question of notes for patent rights is discussed under general phases in notes in 20 L. R. A., 605; 10 L. R. A. (N. S.), 842; 24 L. R. A. (N. S.), 1057; 29 L. R. A (N. S.), 385.

FROM DAVIDSON

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—H. M. MEEKS, Judge.

NATHAN COHN, for plaintiff.

JNO. T. ALLEN, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

On November 9, 1911, one Notman sold to defendant three hundred and thirty-three "fuel savers," patented articles. At the same time, as "territorial agent" of his company, the owner of the patent, he arranged to let defendant have an exclusive right to sell these articles and such others as he might order, in the State of Tennessee, a writing being delivered at the time, duly signed by the owner of the patent, and delivered to defendant. In consideration of the articles purchased and the exclusive right to sell in Tennessee, defendant executed to Notman his note for $495, due at a future date. This note was within a day or two thereafter sold by Notman to the plaintiff, the latter purchasing for a valuable consideration and without notice of any infirmity in the instrument.

The note not being paid at maturity, plaintiff sued defendant before a justice of the peace. After judgment before that officer the case was taken by appeal to the circuit court of Davidson county, and judgment was there rendered in favor of defendant. On appeal to the court of civil appeals that judgment was affirmed. The case was then brought here under the writ of *certiorari*.

It is insisted in support of the judgment that the note was absolutely void, because executed in violation of chapter 77 of the Acts of 1897 of this State.

Section 1 of this act reads:

"Hereafter it shall be unlawful for any person, either in his own behalf or in a representative capacity to take or receive for the sale of a patent right or any interest therein, a note or other written security given for such right or any interest therein unless it shall clearly appear upon the face of the note or other security that the same is given in the purchase of a patent right or an interest therein."

Section 2 makes the violation of section 1 a felony punishable by imprisonment in the penitentiary for not less than one nor more than five years.

It is insisted that, inasmuch as the note in question was executed in violation of a penal statute, it was absolutely void, not only between the parties, but even as against an innocent holder.

It is clear that a note given in violation of a penal statute would be void as between the parties. *Webb* v. *Tarver and Wife,* 2 Tenn. Chan. App., 366; *Pinney*

v. *First National Bank of Concordia,* 68 Kan., 223, 75
Pac., 119, 1 Ann. Cas., 331, and note.

In *Snoddy* v. *Bank,* 88 Tenn., 573, 13 S. W., 127, 7
L. R. A., 705, 17 Am. St. Rep., 918, it was held that a
note given for a gaming consideration was void in the
hands even of an innocent holder; but in the later case
of *Bank* v. *Chapman,* 122 Tenn., 415, 423, 424, 123 S.
W., 641, it was said that *Snoddy* v. *Bank* was based on
an express statute, making the contract void in direct
terms.

But it is unnecessary to go into this phase of the
case. The real question to be determined is whether
the facts show that Notman or his company assigned
to defendant a patent right or any interest therein.
It is clear that what operated as a consideration for
the note consisted only of the three hundred and
thirty-three fuel savers, and an exclusive license to sell
in Tennessee. License to sell patented articles does
not convey any interest in the patent. *Waterman* v.
*Mackenzie,* 138 U. S., 252, 11 Sup. Ct., 334, 34 L. Ed.,
923.

In that case, after referring to the fact that under
the federal laws the grant to the patentee, his heirs
and assigns, is of the exclusive right to make, use, and
vend the invention, etc., it is said:

"The monopoly thus granted is one entire thing,
and cannot be divided into parts except as authorized
by those laws. The patentee, or his assigns, may, by
instruments in writing, assign, grant and convey,
either: (1) the whole patent, comprising the exclusive

right to make, use, and vend the invention throughout the United States; or (2) an undivided part or share of that exclusive right; or (3) the exclusive right under the patent within and throughout a specified part of the United States. . . . Any assignment or transfer short of one of these, is a mere license, giving the licensee no title to the patent, and no right to sue at law in his own name. for an infringement.''

Among other matters in that case, the court considered an instrument by which the owner of the patent granted to another ''the sole and exclusive right and license to manufacture and sell fountain pen holders containing the said patent improvement throughout the United States.'' The court said that this did not include the right to use such penholders, at least if manufactured by third persons, and was therefore a mere license, and not an assignment of any title.

In another part of the opinion the court said the grant of an exclusive right under the patent within a certain district which did not include the right to make and use and the right to sell was not the grant of a title in the whole patent right within the district, and was therefore only a license.

''Such, for instance,'' said the court, ''is a grant of the full and exclusive right to make and vend within a certain district, reserving to the grantor the right to make within the district to be sold outside of it. . . . So is a grant of the exclusive right to make and use, but not to sell, patented machines within a certain dis-

trict. . . . So is an instrument granting the sole right and privilege of manufacturing and selling patented articles, and not expressly authorizing their use, because, though this might carry by implication the right to use articles made under the patent by the licensee, it certainly would not authorize him to use such articles made by others.''

Our act of 1897 above referred to forbids the taking of a note ''for the sale of a patent right or any interest therein,'' unless it shall appear upon the face of the note that it was given ''in the purchase of a patent right or an interest therein.'' The language quoted must be construed in its technical sense, which we have found does not include a license to sell patented articles. We say it must be construed strictly because it is a penal act. For the purposes of the present case it must be construed as if one were before us under an indictment charging him with a violation of this statute.

We are fully aware of the fact that the evil sought to be remedied by the legislature was the practice of frauds by wandering vendors of patents and interests in patents. It may be also that the purpose was to reach instances wherein merely the sale of territory was made under such a license as we have before us in the present case. If so, the language is not sufficient to cover it, and we cannot stretch the statute to reach the particular case. In the State of Arkansas the evil has been remedied by an act which, in direct terms, makes the note void in the hands of an innocent holder,

Cohn v. Lunn.

and this was held constitutional in *John Woods & Sons*
v. *Carl,* 203 U. S., 358, 27 Sup. Ct., 99, 51 L. Ed., 219.
Whether the Arkansas statute would cover a state of
facts such as we have before us we do not consider, but
only refer to the provision making void the negotiable
instrument in the hands of every one.   There is a
somewhat similar case arising under a Kansas statute.
*Allen* v. *Riley,* 203 U. S., 347, 27 Sup. Ct., 95, 51 L.
Ed., 216, 8 Ann. Cas., 137.   The latter act however,
does not provide that the note shall be void in the
hands of an innocent holder.

On the grounds stated, we are of the opinion that
the judgment of the court of civil appeals was errone-
ous, and must therefore be reversed, and a judgment
will be entered here in favor of the plaintiff for the
amount of the note and interest, and for the costs, and
a reasonable attorney's fee provided for in the face
of the note.