## A. G. GOODYEAR *v.* GEORGE W. MEUX.

(*Nashville.* December Term, 1920.)

1. **LICENSES.** Blue Sky Law applies to corporation engaged in whole-sale drug business in State.

   A corporation organized under the Laws of Delaware which under-took to establish a wholesale drug business in the State *held* one which the Blue Sky Law was designed to regulate. (*Post, p.* 290.)

   Acts cited and construed: Acts 1913, ch. 31.

   Code cited and construed: Sec. 3608a139 (T.-S.).

2. **LICENSES.** Subscription contract held unenforcable where Blue Sky Law not complied with.

   A subscription contract taken by a corporation which was in de-fault with reference to the statements exacted of it by the Blue Sky Law cannot be enforced against the subscriber. (*Post, pp.* 292, 291.)

   Acts cited and construed: Acts 1891, ch. 122.

   Cases cited and approved: Stevenson v. Ewing, 87 Tenn., 45; Cary-Lomberd Lumber Co. v. Thomas, 92 Tenn., 587; Haworth v. Mont-gomery, 91 Tenn., 16; Morton v. Imperial Realty Co., 133 Tenn., 681; Payson v. Withers, Fed. Cas. No. 10,864; Bartlett v. Insur-ance Co., 18 Kan., 369; Union Trust Co. v. Sickles, 125 App. Div., 105; First Nat. Bank v. Leeper, 121 Mo. App., 688.

3. **LICENSES.** Blue Sky Law not intended to regulate ordinary business.

   Acts 1st Ex. Sess. 1913, chapter 31, known as the Blue Sky Law, was not intended to regulate the ordinary business of corporations, domestic or foreign, within the State, but to protect investors. (*Post, p.* 291.)

FROM HAYWOOD.

Appeal from the Chancery Court of Haywood County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. V. H. Holmes, Chancellor.

J. W. E. Moore & Son and Lusk & Thompson, for plaintiff.

Kinney & Wills, for defendant.

Mr. Justice Green delivered the opinion of the Court.

This suit was brought by the complainant as trustee in bankruptcy of the Southern Pharmaceutical Company to recover a balance alleged to be due from the defendant on his subscription to the stock of said corporation. This corporation was organized under the laws of Delaware, and undertook to establish a wholesale drug business in this State. Agents were employed to sell its stock, and under the plans followed preferred stock was sold to subscribers and common stock in an amount equal to their subscriptions was given to each subscriber as a bonus. The concern is now being wound up in the bankruptcy court. It is averred that this donation of common stock as a bonus was illegal under the laws of Delaware, and this suit is brought, as stated, to recover on account of the bonus stock as for an unpaid subscription.

Various questions are raised in the case. The bill was dismissed by the chancellor, but the court of civil appeals reversed the chancellor and rendered a decree for the complainant, and the case has been brought before us on *certiorari.*

One of the defenses interposed is that the defunct corporation and its agents had failed to comply with chapter 31 of the Acts of the First Extra Session of 1913, known as the Blue Sky Law. It is therefore insisted that the contract for the sale of the stock was illegal, and there can be no recovery herein. We think this defense is good.

The statute referred to, which is carried into Thompson's Shannon's Code, at section 3608a139 et seq., provides that all local and foreign corporations, with certain designated exceptions, shall be known as investment companies. It provides that before offering to sell any stock, bonds, or other securities of any kind or character, except government, State, or municipal bonds, or any lands or town lots, such corporation shall file statements containing information particularized in the act and shall pay a fee of $25. The act further provides such companies shall file additional statements at the close of business on December 31 and June 30 of each year, and it provides that no agent of such companies shall do any business for them until such 'agents register their names with the secretary of State and pay certain fees. It is further enacted that any person or agent who undertakes to sell the securities of companies which have not complied with the statute, and that any such companies which undertake to do busi-

143 Tenn.—19

ness in the State without compliance therewith, shall be guilty of a misdemeanor punishable by penalties set out. It is provided that the statute shall be complied with before any attempt to sell stock or do any other business in the State is made.

We think there can be no doubt but that the bankrupt corporation was one of the kind whose business and the sale of whose securities this statute was designed to regulate. It appears from the record that, when the subscription of defendant for this stock was taken, this company was in default with reference to the statements exacted of it by the statute, and it further appears that the agents who sold the stock were not duly registered.

The contract which was entered into with the defendant was accordingly a contract prohibited by law, and the activities of the corporation and its agents in this respect constituted a misdemeanor punishable by law.

It is well settled that a contract entered into under these circumstances cannot be enforced. *Stevenson* v. *Ewing,* 87 Tenn., 45, 46, 9 S. W., 230; *Cary-Lomberd Lumber Co.* v. *Thomas,* 92 Tenn., 587, 22 S. W., 743; *Haworth* v. *Montgomery,* 91 Tenn., 16, 18 S. W., 399.

The failure of the corporation and its agents to comply with this statute was pleaded in defendant's answer, and this averment of the answer was sustained by the proof. *Morton* v. *Imperial Realty Co.,* 133 Tenn., 681, 182 S. W., 230.

Counsel for the complainant refers to *Payson* v. *Withers,* Fed. Cas. No. 10,864, *Bartlett* v. *Insurance Co.,* 18 Kan.,

369, *Union Trust Co.* v. *Sickels,* 125 App. Div., 105, 109 N. Y. Supp., 262, and *First National Bank* v. *Leeper,* 121 Mo. App., 688, 97 S. W., 636, as being opposed to the conclusion heretofore indicated. These cases construe Statutes of several States which undertake to regulate the entry and ordinary activities of foreign corporations in those States. The statutes are similar to our act (chapter 122, Acts of 1891).

Generally speaking, these cases hold that selling of stock of such foreign corporations is not the doing of busines within the purview of the statutes considered. We think such authorities are not in point. None of them dealt with statutes such as chapter 31 of the Acts of the First Extra Session of 1913. This act of 1913 was especially designed to regulate the sale of corporate securities. It was not intended to regulate the ordinary business of corporations, domestic or foreign, within the State. It is known as the Blue Sky Law, and the purport of all such laws is to protect investors.

It results that the court of civil appeals was in error. The decree of that court will be reversed, and, for the reasons stated in this opinion, the decree of the chancellor will be affirmed, and the costs of this cause taxed to the complainant.