Biddle v. Smith.

---

CHAS. O. BIDDLE *v.* W. S. SMITH *et al.**

(*Knoxville.*   September Term, 1923.)

1. **CONSTITUTIONAL LAW.** Licenses. Blue Sky Law held not un-
   constitutional.

Blue Sky Law is not unconstitutional as a violation of the Fourteenth
   Amendment, or of article 1, section 8, or article 11, section 8,
   of the State Constitution; the classification of those affected by it
   affecting alike those in the same condition and not being arbitrary
   or capricious.   (*Post, pp.* 487-490.)

Acts cited and construed:  Acts 1891, ch. 122.

Cases cited and approved:  Hall v: Geiger-Jones Co., 242 U. S., 539;
   Merrick v. Halsey Co., 242 U. S., 568;  Standard Home Co. v.
   Davis, 217 Fed. 904;  King v. Commonwealth, 197 Ky., 128;  Stewart
   v. Brady, 300 Ill., 425;  State v. Gopher Tire & Rubber Co.. 146
   Minn., 52;  Edward v. Ioor, 15 A. L. R., 256;  Gutterson v. Pearson,
   24 A. L. R., 524;  Goodyear v. Meux, 143 Tenn., 287;  Dixie Rubber
   Co. v. McBee, 253 S. W.. 353.

Constitution cited 'and construed:  Art. 1, sec. 8;  Art. 11, sec. 8
   (Tenn.).

Laws cited and construed:  Laws 1913. p. 904.

2. **LICENSES.**   That foreign corporation has domesticated under
   general law does not relieve it from compliance with Blue Sky
   Law.

That a foreign corporation desiring to do business in the State has
   domesticated by complying with Acts 1891, chapter 122. does not

---

*For authorities discussing the constitutionality of the Blue Sky
Laws, see note in L. R. A., 1917F, 524.

On validity, interpretation and effect of the Blue Sky Laws, see
notes in 15 A. L. R., 262;  24 A. L. R., 523 and 27 A. L. R., 1169.

Biddle v. Smith.

relieve it from compliance with Blue Sky Law, when it desires to sell its stock within the State. (*Post*, *pp.* 490, 491.)

Case cited and approved: Edward v. Ioor, 205 Mich., 617.

3. **LICENSES.** Exchange of corporate stock .for land without compliance with Bue Sky Law illegal.

An exchange or sale of corporate stock for land by a corporation which has not complied with Blue Sky Law is void and constitutes no consideration for the land. (*Post*, *p.* 491.)

---

## FROM WASHINGTON.

---

Appeal from the Chancery Court of Washington County. —HON. HAL H. HAYNES, Judge.

SELLS, SIMMONDS & BOWMAN, for Biddle.

MILLER & DEPEW, for Smith & others.

MR. JUSTICE COOK delivered the opinion of the Court.

A judgment rendered against W. S. Smith for $3,344.92 in the chancery court at Johnson City was declared an equitable vendor's lien upon a lot conveyed by A. B. Biddle and W. S. Smith to the Standard Automatic Mine Door Company. Smith did not appeal, but from the decree declaring a lien upon the lot, the company appealed to the court of civil appeals. While pending, appellant · moved a transfer to this court, insisting that the constitutionality of chapter 31, Acts First Extra Session of 1913, is involved, denuding the court of civil appeals of jurisdiction. The cause was transferred, and errors are assigned in this court.

The act of 1913 becomes involved in consequence of the following facts:

September 17, 1918, A. B. Biddle executed to W. S. Smith a five years' lease upon the lot in question, with option to purchase within the term. November 5, 1918, Smith executed his note to Biddle for $3,000 as consideration for the lot, and the day following Biddle conveyed the property, not to Smith, but to the Standard Automatic Mine Door Company, for a recited consideration of $3,-500. Biddle's conveyance was subject to Smith's lease. Smith joined in the conveyance. In payment the company delivered to Smith $3,500 of its stock.

The chancellor found that the Standard Automatic Mine Door Company, a corporation organized in Virginia, offered and sold its shares of stock to investors in Tennessee in violation of chapter 31, Acts First Extra Session of 1913, known as the Blue Sky Law; and that the agreed consideration of $3,500 for the lot conveyed as aforesaid was paid by the company in shares of stock sold in violation of the statute; that the sale of stock was void, hence the consideration for the lot was unpaid, and constituted an equitable vendor's lien upon the lot. There was a decree for sale to enforce the lien. The action of the chancellor holding that the sale and delivery by the company of its stock afforded no consideration for the transfer of the lot by Biddle, and in decreeing a lien, and ordering a sale for its enforcement, is assigned as error.

If the defendant company was an investment company within contemplation of the act, and if the act is valid, the sale and delivery of the stock was void, affording no consideration for the land conveyed by Biddle and Smith.

Counsel for appellant insists that the act contravenes article 1, section 8, and article 11, section 8, of the Constitution of Tennessee, and the Fourteenth Amendment,

in that it imposes arbitrary and oppressive burdens upon companies from which individuals are exempt, and grants privileges and immunities to individuals denied to companies.

Section 1 of the act provides:

"That every corporation, every copartnership or company, and every association (other than State and national banks, trust companies, real estate mortgage companies dealing exclusively in real estate mortgage notes, building and loan associations, and corporations not organized for profit), organized or which shall be organized in this State, whether incorporated or unincorporated, which shall sell or negotiate for the sale of any stocks, bonds, or other securities of any kind or character or any lands or town lots in any quantity situated outside of this State, other than bonds of the United States, the State of Tennessee, or of some municipality of the State of Tennessee, and notes secured by mortgages on real estate located in the State of Tennessee, to any person or persons in the State of Tennessee, other than those specifically exempted herein, shall be known for the purpose of this act as a domestic investment company. Every such investment company organized in any other State, territory, or government shall be known for the purpose of this act as a foreign investment company."

Subsequent sections require such companies to submit statements detailing their plan of operation, and their financial condition, and subjects them to regulation intended to protect the public against fictitious or worthless investments.

Statutes similar to ours, commonly called Blue Sky Laws, have been enacted in many States. Controversy

over their validity is put to rest by a long line of decisions in the courts of the States and the United States.

In *Hall* v. *Geiger- Jones Co.*, 242 U. S., 539, 37 Sup. Ct., 217, 61 L. Ed., 480, L. R. A., 1917F, 514, Ann. Cas., 1917C, 643, the Ohio statute was sustained as a proper regulation of the business of companies and corporations selling investments to the public. *Merrick* v. *Halsey Co.*, 242 U. S., 568, 37 Sup. Ct., 227, 61 L. Ed., 498, involving the Michigan Blue Sky Law (Pub. Acts 1915, No. 46), was held not a denial of equal protection of the law, and so in *Standard Home Co.* v. *Davis* (D. C.), 217 Fed., 904, sustaining the Arkansas Act (Laws 1913, p. 904). *King* v *Commonwealth,* 197 Ky., 128, 246 S. W., 162, and *Stewart* v. *Brady,* 300 Ill., 425, 133 N. E., 310, sustain the statute against criticism that it discriminates in favor of one class against another. *State* v. *Gopher Tire & Rubber Co.,* 146 Minn., 52, 177 N. W., 937, sustains the Blue Sky Law as a valid exercise of the police power. For a comprehensive review of cases we refer to notes under *Edward* v. *Ioor,* in 15 A. L. R., 256, 262, under *Gutterson* v. *Pearson,* in 24 A. L. R., 524, and under *Hall* v. *Geiger-Jones Co.,* in L. R. A. 1917F, 524.

The Tennessee statute classifies as investment companies every corporation, copartnership, company, and association organized for the purpose of, or engaging in the business of, selling stocks, bonds, or other security of any kind. The act embraces and affects alike those who are, or may be, in the same or a similar situation and condition, and makes no arbitrary and capricious classification, hence does not violate article 1, section 8, and article 11, section 8, of the State Constitution.

The application of the act has been a subject of controversy in many States, which varies according to the provisions of the statute of the particular State. The act was intended to protect investors, not to regulate the ordinary business of corporations either domestic or foreign. *Goodyear* v. *Meux,* 143 Tenn., 287, 228 S. W., 57. The statute is interpreted with a view of meeting the legislative intent, to protect residents of the State against the imposition of worthless investments offered by domestic and foreign investment companies under whatsoever guise presented.

The Standard Automatic Mine Door Company was organized under the laws of Virginia with an authorized capital of $50,000. It domesticated by filing an abstract of charter as required in chapter 122, Acts of 1891, and amendments thereto. September 3, 1918, the board of directors authorized Mr. J. K. Painter to sell $20,000 of its stock of the par value of $100 a share. In addition to thirty-five shares sold to Smith as consideration for the lot in question, twenty-five shares were sold to others and fifty shares were given Mr. Painter for his services in organizing and managing the business. The transaction falls within the rule of *Goodyear* v. *Meux,* 143 Tenn., 287, 228 S. W., 57, and *Dixie Rubber Co.* v. *McBee* (Tenn.), 253 S. W., 353.

The fact that it complied with the act of 1891 did not relieve the company of a compliance with the act of 1913. Compliance with the first act authorized the company to carry on its ordinary business, but would not authorize it to carry on the business of selling stock to investors in Tennessee. A foreign corporation may desire to carry on its business in the State without selling stock, in which

event it would not fall within the provisions of the act of 1913. But if it desired to carry on its ordinary business and also sell its stock, as an investment—and the facts show that the company did both—it would have to comply with both acts. If it desired to do but one of these things, it would only be required to comply with the appropriate act. *Edward* v. *Ioor*, 205 Mich., 617, 172 N. W., 620, 15 A. L. R., 256.

The sale of the stock of the company was in violation of the act of 1913 and was void, affording no consideration for the land conveyed by Biddle and Smith to it. This being true, the conclusion of the chancellor was correct, and the agreed, but unpaid, consideration, constitutes an equitable vendor's lien for the satisfaction of the purchase money.

Affirmed. Remanded for enforcement of the decree for sale. Appellant will pay the costs of appeal, and the cost below will be adjudged by the chancellor.