## J. M. PHILLIPS v. COTTAGE GROVE BANK & TRUST CO.

Western Section. July 31, 1928.

No petition for Certiorari was filed.

Fryer & Fryer, of Paris, for plaintiff in error.
R. H. Hudson, of Paris, for defendant in error.

SENTER, J. This suit, brought in a Justice of the Peace Court of Henry county, sought to recover against the Cottage Grove Bank & Trust Company the statutory penalty of $100 because of the alleged failure of the bank to release of record the lien of a certain trust deed

on land to secure two notes executed by J. M. Phillips and wife. One of the notes secured by the trust deed was payable to the defendant bank, as the administrator of the estate of W. E. Rainey, and the other payable to the order of the defendant.

It appears that the Justice of the Peace warrant was served on J. C. Rainey, President of the Cottage Grove Bank & Trust Company, citing him to appear before the Justice of the Peace for trial. The Justice of the Peace, upon a hearing of the case, rendered judgment endorsed on the warrant as follows:

"JUDGMENT.

"J. M. Phillips v. J. C. Rainey.

"In this cause I render judgment for the plaintiff and against the defendant for $100 and all costs of the suit for which execution may issue.

"This 9th day of March, 1928.

"R. L. Veazey, Justice of the Peace.

"From which judgment the defendant prayed an appeal to the next term of the circuit court which is granted upon————————giving bond and otherwise complying with the law, this 10 day of March, 1928.

"R. L. Veazey, J. P."

This judgment in the form as rendered by the Justice of the Peace, and the appeal bond upon which the case was appealed to the circuit court will be later referred to as certain questions are made in the brief of appellee with reference thereto.

The appeal bond from the Justice of the Peace judgment is in the following form:

"STATE OF TENNESSEE,

"HENRY COUNTY.

"We bind ourselves unto J. M. Phillips in the sum of Two Hundred Ten Dollars and 10/00, to be void if J. C. Rainey, who has this day appealed to the next term of the circuit court for Henry county, from a judgment of R. L. Veazey, a Justice of said county, in favor of said J. M. Phillips against said J. C. Rainey for One Hundred Dollars, shall prosecute said appeal successfully, or in case of failure shall comply with and perform the judgment of said court.

"This 9th day of March, 1928.

"(Seal)　　　　　　　　Cottage Grove Bank & Trust Company.
"(Seal)　　　　　　　　J. C. Rainey."

The case was heard by the Circuit Judge without the intervention of a jury, and judgment rendered in favor of the defendant, and against the plaintiff for the costs of the suit. We refer to the parties as they stood in the lower court, as plaintiff and defendant.

It is recited in the bill of exceptions, as follows:

"Whereupon the court rendered its judgment herein and in doing so ruled that the notice served by the complainant upon the defendant and appearing in the record, was not sufficient to give notice of the matters and things required by statute, same not being adequate to place the defendant upon notice of the matters required of it, by reason of the fact that the law does not favor fines and penalties, and to which action of the court the plaintiff then and there excepted and entered motion for a new trial. . . ."

A motion for a new trial was made by plaintiff and was overruled by the court, and from which action of the court in overruling his motion for a new trial, and in rendering judgment in favor of defendant and dismissing plaintiff's suit at the cost of plaintiff, the plaintiff has appealed to this court and has assigned two errors, and by which it is said that the court erred in holding that notice served by plaintiff below upon the defendant bank was defective and not sufficient to give the defendant notice; and that the court erred in dismissing the warrant and taxing plaintiff with the cost.

In the reply brief of the appellee the question is made that the Justice of the Peace did not render a judgment against the Cottage Grove Bank & Trust Company, but rendered the judgment against J. C. Rainey. It being insisted that J. C. Rainey alone appealed from the judgment of the Justice of the Peace rendered against him.

We do not think this contention by the appellee can be sustained, for the reason that the judgment is in favor of the "defendant". While the judgment is captioned "J. M. Phillips v. J. C. Rainey", this judgment was endorsed on the Justice of the Peace warrant, or written onto the warrant. The warrant specifically sued the Cottage Grove Bank & Trust Company, and the judgment of the Justice of the Peace was against the defendant, and did not mention J. C. Rainey in the judgment. The appeal bond recites that the appeal is from a judgment rendered in favor of plaintiff, J. M. Phillips, and against J. C. Rainey, but the appeal bond is signed first by the Cottage Grove Bank & Trust Company, and underneath appears the name of J. C. Rainey. From this it is evident, we think, that in captioning the judgment on the back of the Justice of the Peace warrant it was a clerical inadvertance on the part of the Justice of the Peace, and that the judgment was against the Cottage Grove Bank & Trust Company, since that was the only defendant sued in the warrant. No mention or question was made in the circuit court as to the form of the judgment or of the appeal bond, and, so far as the record discloses, it is made for the first time by appellee in the brief filed in this court.

We are of the opinion that it is clear from the record that this judgment rendered by the Justice of the Peace was against the Cottage Grove Bank & Trust Company and not against J. C. Rainey, because,

as above stated J. C. Rainey was not a defendant, and the judgment does not recite that it was against J. C. Rainey.

We think it also clear that the appeal bond discloses that it was understood that the judgment was really against the defendant Cottage Grove Bank & Trust Company, and the reference in the bond . as to the style of the case was erroneous, and an inadvertance. The appeal bond was first signed by the Cottage Grove Bank & Trust Company. This would indicate that the Cottage Grove Bank & Trust Company considered that the judgment was against it, and that it was appealing from the judgment to the circuit court of Henry county.

This brings us to a consideration of the assignments of error by appellant.

By Section 3704a1 (Shannon's Ann. Code, Sec. 1, Ch. 473 of the Acts of 1907) it is provided:

"Whenever a debt secured by a mortgage, deed of trust, or by lien retained in a deed given for the sale of land has been fully paid or satisfied the mortgagee, transferee, or assignee of the mortgagee or the legal holder of the debt secured by deed of trust or lien for purchase money who has received payment or satisfaction of the debt must satisfy the records either by entering on the margin of the record of the mortgage, deed of trust, or deed, or by a formal deed of release. If the holder of any debt secured by mortgage, deed, or trust, or lien for purchase money shall' fail to enter proper satisfaction after the debt has been fully paid upon request in writing of the mortgagor or makers of the debt or of a purchaser of the property covered by said mortgage, deed of trust, or lien, the said holder of said debt shall forfeit to the party making such request One Hundred Dollars (100.00), provided, the release has not been made within thirty days after said written notice, unless there is pending or there is instituted a suit within that time in which the fact of payment or satisfaction is or may be contested."

The suit in this case was brought under the provisions of the above quoted statute. This statute was construed by the Supreme Court in Kitts v. Kitts, 136 Tenn., 314, and wherein it is said by the Court:

"The Court of Civil Appeals was of the opinion that the foregoing statute was a remedial one, and should therefore receive a liberal construction. By this process that court held that the widow, who was in possession of all the land by virtue of the homestead and dower laws, was within its terms and could recover the penalty prescribed.

"It is beyond question that the legislative intent is to control the courts in the construction of statutes. (Zickler v. Bank, 104 Tenn., 277, 57 S. W., 341; Wingfield v. Crosby, 5 Cold., 241 . . .)

"It is also well settled that remedial statutes are construed liberally to accomplish their objects, correct the evils, and suppress the mischief aimed at. (State v. Howse, 132 Tenn., 452.)

"We think, however, that the statute under consideration is a penal statute. It fixed an exact sum to be recovered against the one in default in 'an action of debt or qui tam."

In support of the above holding numerous Tennessee cases as well as from other jurisdictions are cited. The opinion proceeds with the further statement: "The statute being penal and not remedial, it follows as a matter of course that it should be strictly construed." (36 Cyc., p. 1183; Cohn v. Lunn, 133 Tenn., 552, 182 S. W. 584.)

It will thus be seen that the Supreme Court of this State has definitely held that the statute in question is penal in character and not remedial, and being penal, it shall be strictly construed.

In considering the form of notice alleged to have been served on J. C. Rainey, President of the defendant bank, it must be examined and determined whether it is sufficient in form and substance to give definite and accurate notice to the defendant of just what mortgage the plaintiff desired to have the defendant release. The notice is in the following language:

"Cottage Grove, Tennessee,
"January 27, 1928.

"Cottage Grove Bank & Trust Company,
"Cottage Grove, Tennessee.

"Gentlemen:

"I paid the debt due you secured by mortgage on the W. D. Pickard place on which you had deed of trust, and want you to release same in the Register's Office where it is recorded.

"Yours truly,
"Mahlon Phillips."

It appears from the record that this notice was served on J. C. Rainey in his store house in Cottage Grove, and not at the bank. J. C. Rainey testified that he understood the notice to have reference to a personal transaction between the plaintiff and himself; that he held a note against the plaintiff secured by a trust deed on land in Weakley county. He further stated that he never heard of the property on which the bank held a trust deed to secure the notes as being the "W. D. Pickard place", and that it was not known as the W. D. Pickard place. The plaintiff testified that J. C. Rainey knew that the property covered by the trust deed securing the notes to the bank, and to which the note is referred, was known as the W. D. Pickard place. However, he does not state how or why he knew that Rainey had any such information or knowledge. The notice did not make any definite reference to the trust deed, and where it was recorded, or what particular notes, and it is not shown that Rainey or any other officer of the bank received any other or further notice

than the one above quoted, until after the suit was brought, and then the records were satisfied by the bank when it was discovered what trust deed and what notes the notice given to Rainey had reference to. We are of the opinion that J. C. Rainey honestly believed that the notice served on him referred to the trust deed which he held on plaintiff's land in Weakley County, and which was a personal or an individual matter, and about which the bank was not concerned. If the rule of strict construction of this penal statute is to be given effect, the written notice provided for in the statute should also be given the same strict construction, and with such clarity that the holder of a lien would know from the notice exactly what lien was referred to in the notice. The present notice is a fair illustration of its insufficiency, for, by it, J. C. Rainey understood it to refer to the trust deed which he held as an individual, and he knew that the debt secured by that trust deed had not been paid to him, and for that reason he disregarded the notice. The whole matter was susceptible of being made clear and definite so that there could be no misunderstanding or doubt as to what particular trust deed the notice referred to.

We find no error in the judgment of the lower court. All assignments of error are overruled, and the judgment of the lower court is affirmed. Appellant will pay the cost of this appeal. The appeal was prosecuted in forma pauperis.

Owen and Heiskell, JJ., concur.